```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   BLUEFIELD DIVISION
```

**VIRGIE B. HUBBARD,** *et al.***,**

    **Plaintiffs,**

**v.**                                      **Civil Action No. 1:04-0589**

**ELLIOTT, INC.,**

    **Defendant.**

## MEMORANDUM OPINION

    Pursuant to the court's order of September 28, 2005, in which the court overruled both petitioner's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation [hereinafter "Findings and Recommendation" or "F & R"], confirmed and accepted the F & R, and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its memorandum opinion.

    On June 14, 2004, plaintiffs, acting *pro se*, filed a complaint.  By Standing Order entered on May 20, 2002, this case was referred to United States Magistrate Judge R. Clarke VanDervort for proposed finding and recommendation as to disposition.  The magistrate judge recommended that the district court grant defendant's Motion to Dismiss, dismiss this action, and remove it from the court's docket.

    Plaintiffs contend the court has subject matter jurisdiction under the diversity statute.  Plaintiffs assert that the amount in controversy requirement is satisfied by the $450,000,000 they

expended for travel to and from the courthouse in the pursuit of this claim. (Doc. No. 12 at 1.) Even if the court were to take this statement as true, the amount in controversy requirement for federal diversity jurisdiction does not embrace costs or interest. 28 U.S.C. § 1332(a). Accordingly, plaintiff's objection regarding amount in controversy is OVERRULED.

Plaintiff objects on several other grounds. These include: Mr. Elliott's alleged possession of a firearm, plaintiffs' belief that defendant's behavior is "very strange indeed," and plaintiffs' concern about the preservation of evidence. These objections are irrelevant to the magistrate judge's recommendation. (Doc. No. 12 at 2.) Therefore, they are OVERRULED.

Even accounting for the fact that the court is obligated to hold this *pro se* plaintiff to a less stringent standard than that required of attorneys, see <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), having reviewed the record under that less exacting standard, the court reaches the same conclusions as did the magistrate judge in his Proposed Findings and Recommendations. Plaintiff's objections are accordingly OVERRULED.

The Clerk is directed to forward a copy of this Memorandum Opinion to the plaintiffs, *pro se*, and to all counsel of record.

IT IS SO ORDERED this 28th day of September, 2005.

ENTER:

*David A. Faber*
David A. Faber
Chief Judge